20CR-184

Clerks Note: Correct case number is: 2:20-cr-00148-JAD-BNW

Donnell Henry

[FILED/RECEIVED stamp: JAN 3 - 2022, CLERK US DISTRICT COURT, DISTRICT OF NEVADA]

After invoking the Speedy Trial Act and changing counsel March 25th 2021, the government failed to comply with the time limit required by "...ACT" of 1974, *18 u.s.c 3161(b)* and *federal rule of criminal procedure 48(b)(1)*. pursuant to *18 u.s.c 3162*, counts 1 and 2 of the superseding indictment should be dismissed with prejudice.

June 14th 2021, 8 days before the set trial date, the u.s. Attorney superseded the indictment adding untimely discovery, demonstrating clear negligence or an attempt to circumvent the Speedy Trial Acts limitations. The government ultimately prevailed at this attempt to delay trial because my attorney requested a continuance the day I was arraigned for the superseding indictment. On the record I objected to the continuance and the new discovery that caused the continuance but the district judge granted the continuance over my objection. ***United states v. lloyd, 1997 u.s app lexis 23816*** *"continuance requests by counsel was in conflict with speedy trial letters and assertions by client. Different district judge was to determine if speedy trial violation was with or without prejudice."* ***Nelson v. Hargett 989*** *... "find that, on the particular facts, the failure to file a speedy trial motion was not a reasonable trial strategy but instead appeared to be the result of ineffective counsel"*

... ***united states v. hall 181 f.3d*** *(where defense counsel does not assert his clients right to speedy trial, a defendant may alert the court directly of his desire not to waive those rights.)*
Attached is a pro se motion I sent to the district judge july 2021 prior to trial. It was stricken by the district judge, referenced to my defense attorney and ultimately disregarded.

The personal and testimonial prejudice I endured due to the continuances granted over my objections are overwhelming and stressful. Appearing before the Honorable Judge Weksler, Josh Tomcheck (defense ...), Melanie smith (u.s attorney) and Donnell Henry (defendant) agreed ... 22nd would be an appropriate date. A severance, superseding

indictment nor additional discovery was never mentioned the day I asserted my right to speedy trial on the record. Last minute adjustments caused many inconveniences to me and my family whom were coming from California. Due to the constant change of trial dates and the pandemic, witnesses traveling from California were ultimately unavailable who can prove my intentions the day of the drug transaction. Phone conversations between me and the informant were also not available. Nobody knew when the trial would actually commence. After the june 14th continuance my grandma past away. I was sent to solitary confinement on multiple occasions prior to trial and after trial for no apparent reason. During trial all the jury wore masks and his testimony the informant wore a mask. Id love to actually confront accuser, not a guy with a mask on. I was also denied my entrapment jury instructions. Please help. Ive inquired to my lawyer and the district judge.

United states v. olsen, 494 fed. Supp 3d 722 "The united states constitution protects our fiundamental freedoms and liberties. One of the most important rights of the accused is to a public and speedy trial. It protects against undue and oppressive incarceration prior to trial and it allows the accused the ability to defend himself against the criminal charges before evidence becomes lost or destroyed and memories fade"

## ORDER

IT IS ORDERED that ECF No. 126 is DENIED without prejudice under LR IA 11-6(a), which provides, "Unless the court orders otherwise, a party who has appeared by attorney cannot while so represented appear or act in the case. This means that once an attorney makes an appearance on behalf of a party, that party may not personally file a document with the court; all filings must thereafter be made by the attorney."

**IT IS SO ORDERED**
**DATED:** 5:26 pm, January 04, 2022

BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE

motion to dismiss based on speedy
trial violations pursuant to
18 u.s.c 3161

id like continuance request made by my appointed counsel and me g
viewed with skepticism. ive invoked my right to speedy trial and they ... 
have been delay tactics. On multiple occasions continuances have bee... 
objection and even without my presence ive shown my will to confront ... 
Whats relevant is "whether the government or the defendant is more to b... 
delay" *Doggett v ...* ... "deliberate attempt to ... the defen... ... 
against prosecution" *Barker v ...* ... Additionally *Zedner* held that ...
cannot simply agree to a continuance and ... waive the speedy trial ac... 
requirement...

### On march 25 2021

... this day ... was appointed attorney Joshua Tomsheck as my lawyer Mr.
Tomsheck and the U.S. Attorney Meh... Smith both stated for the record that theyd be
ready for trial on june 22nd. Judge Weis... informed both parties that ive invoked my
rights to a speedy trial and there will be no more continuances on my case. Mr.
Tomsheck and I, prepared and ready for trial were hit with untimely disclosure ... 
discovery on June 16th intentionally enabling Mr. Tomsheck from representing
properly in trial.

The act states that when a trial does not begin within one redlined period o... 
information or indictment shall be dismissed on motion of the defendant" 
(a)(2).

Thus, although a trial court is ordinarily given great latitude ... ... 
concerning trial schedule and continuances status ... ... ... 
confines the exercise of that discretion more narrowly, mandating dismissal of the
indictment upon violation of SPEEDY TRIAL LIMITS and specifying criteria
consider in deciding whether to bar reprosecution. *United States v. Taylor*

continuances without my consent. The past continuances which I objected in and march were granted by the honorable June 14th the honorable judge D informed about the late disclosure of discovery before trial and the attorney Weksler to be ready for trial by June 22. During the same hearing the attorney Tomsheck stated that he no longer had the time, stamina or the state to and requested another continuance past June 22nd. On the record I stated to the honorable Jennifer Dorsey "I object to the new discovery and I object to the continuance of my June 22nd trial date." I also stated, "If Mr. Tomsheck couldn't proceed to trial I'll take any lawyer the court will provide." Over my objections and statements the honorable Judge Dorsey granted the continuance this action in return would cause me ineffective counsel

I've tried to face my accusers and show my innocents since september 2019. I don't blame any federal agents, any judges, any officers or federal prosecuters. I built an ENTRAPMENT case on the confidential informant he induced me in and his presents was needed the day of the incident.

RECEIVED
...ED ON
COUNSEL/PARTIES OF RECORD

JAN 3 - 2022

CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY:_____ DEPUTY

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| United States of America, | Case No.: 2:20-cr-00148-JAD-BNW |
| Plaintiff | |
| | Order Striking Pro Se Motion Filed in Violation of LR 11-6(a) |
| Henry, | |
| Defendant | ECF No. 74 |

Donnell Henry, a criminal defendant represented by counsel, has filed a Motion to Dismiss.[1] Henry cannot personally file motions at this time because he is represented by counsel, and it is his attorney who must file motions on his behalf. Local Rule 11-6(a) explains that "A party who has appeared by attorney cannot while so represented appear or act in the case. This means that once an attorney makes an appearance on behalf of a party, that party may not personally file a document with the court; all filings must thereafter be made by the attorney."[2] Accordingly, if Henry believes that relief is necessary, he must ask his attorney to file the motion

... Henry is cautioned that not all arguments that a defendant believes should be
... meritorious, and there may be valid legal or strategic reasons that trained counsel
... unnecessary, improper, or unwise to bring an issue to the attention of the court.

---

[1] ECF No. 74.

[2] LR IA 11-6(a).

IT IS THEREFORE ORDERED that the Clerk of Court is instructed to **STRIKE**

 se **motion [ECF No. 74]** from the docket. Defense counsel is directed to provide a

 order to Henry and consult with him on the issues raised in the now-stricken motion

 a proper motion should be filed by counsel.

 D: July 14, 2021.

                                      Jennifer A. Dorsey, U.S. District Judge



Donnell Henry #5643804B
N.S.DC
2190 E. Mesquite Ave.
Pahrump, Nevada 89060

This correspondence originated (from a) detention facility. The facility is not responsible for the contents herein.

Honorable Judge Weksler
District of Nevada
333 Las Vegas Blvd, RM 1334
Las Vegas, NV 89101

FILED _____   RECEIVED _____
ENTERED _____   SERVED ON _____
          COUNSEL/PARTIES OF RECORD

JAN 3 - 2022

CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY: _____   DEPUTY