**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| United States of America,<br><br>  Plaintiff<br>v.<br><br>Donnell Henry,<br><br>  Defendant | Case No.: 2:20-cr-00148-JAD-BNW-1<br><br>**Order Denying Motion for Sentence Reduction**<br><br>[ECF No. 157] |

Donnell Henry was sentenced to 98 months in prison after a jury found him guilty of distributing methamphetamine and illegal possession of a firearm.[1] He now requests that I reduce or suspend his sentence, noting that he was not placed in the prison he requested, has been threatened and assaulted by other inmates, and has been in "the SHU"[2] for multiple months despite having a clean record in prison.[3] I liberally construe his motion as one for compassionate release under 18 U.S.C. § 3582. I deny the motion because Henry has not shown that such relief is available or warranted.

**Discussion**

A sentencing court's ability to modify or reduce a sentence once imposed is seriously limited.[4] The compassionate-release provision of 18 U.S.C. § 3582(c)(1)(A)(i), as amended by the First Step Act of 2018,[5] is an exception to this limitation. It allows the sentencing judge to reduce a sentence based on "extraordinary and compelling reasons" after the defendant has failed

---

[1] ECF No. 135. Henry's conviction is currently on appeal.

[2] "The SHU" is an acronym for a secured or segregated housing unit.

[3] ECF No. 157.

[4] *See United States v. Penna*, 319 F.3d 509, 511 (9th Cir. 2003) (exploring Federal Rules of Criminal Procedure 35 and 36); 18 U.S.C. § 3582(c).

[5] The First Step Act of 2018, 18 U.S.C. § 603(b) (2018).

to get the Bureau of Prisons (BOP) to bring such a motion on his behalf.[6] The court must consider any applicable factors under 18 U.S.C. § 3553(a), which include "the nature and circumstances of the offense"; "the history and characteristics of the defendant"; "the need for the sentence imposed to reflect the seriousness of the offense" and "protect the public from further crimes of the defendant"; and "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct."[7] And any sentence reduction must be "consistent with applicable policy statements issued by the Sentencing Commission."[8]

The court may entertain an inmate's request for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i) only (1) "after [he] has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion" on his behalf or (2) after "the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier."[9] This exhaustion requirement is mandatory, and an inmate's failure to satisfy it is "a glaring roadblock foreclosing compassionate release."[10] Because Henry has not demonstrated that he exhausted his administrative rights before filing this motion, it must be denied for failure to exhaust.

Even if Henry had properly exhausted the administrative process before filing this motion, I would deny it for the separate and independent reason that he has not demonstrated that compassionate release is warranted. Although the statute does not define "extraordinary and

---

[6] 18 U.S.C. § 3582(c)(1)(A)(i).
[7] 18 U.S.C. § 3553(a).
[8] *Id*.
[9] *Id*.
[10] *U.S. v. Raia*, 954 F.3d 594 (3d Cir. 2020) (holding that failure to comply with § 3582(c)(1)(A)'s exhaustion requirement bars relief). *See also* my extensive analysis of the exhaustion issue in *United States v. Johnson*, 2020 WL 2430936, at *2 (D. Nev. May 12, 2020), incorporated herein as set forth in full.

compelling circumstances," the U.S. Sentencing Commission has identified four categories of situations that may qualify: serious medical conditions, advanced age, family circumstances, and, a catch-all, "other reasons."[11]  Henry identifies none of those circumstances.  He instead points to his mistreatment by fellow inmates, his SHU confinement, and the fact that he wasn't placed in the prison of his choice to support his request.  I sympathize with Henry's predicament, but these circumstances are neither extraordinary nor compelling.  Henry states that he was placed in "the SHU" because he was assaulted by another inmate.[12]  But release or a sentence reduction is not the appropriate recourse if Henry believes the conditions of his confinement are constitutionally deficient—a civil-rights action is.[13]  And while a sentencing court may recommend a particular prison, that recommendation has "no binding effect" on the BOP's placement determination.[14] That the BOP did not place Henry in the facility I recommended is not grounds for release.

A sentence reduction for Henry is also independently unwarranted under the applicable § 3553(a) factors.  Henry was sentenced to 98 months of incarceration—a variance down from the statutory range for his conviction—in recognition of the facts that his crime was non-violent, he has job opportunities available to him upon release, and he has his family's support.  But I also acknowledged that Henry has a history of not taking responsibility for his criminal conduct, suggesting that he has a high probability of recidivism.  After weighing those factors, I determined that a 98-month sentence was sufficient to reflect the seriousness of his offense,

---

[11] U.S. Sent'g Guideline 1B1.13, app. note 1(A); *United States v. Aruda*, 993 F.3d 797, 802 (9th Cir. 2021) (holding that the Sentencing Commission's application notes "may inform a district court's discretion . . . but they are not binding").

[12] ECF No. 157 at 2 ("Due to this assault I'm not allowed to return back to the General Population so they currently have me in the SHU.").

[13] *See Helling v. McKinney*, 509 U.S. 25, 31 (1993) (noting that the "treatment a prisoner receives and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment").

[14] 18 U.S.C. § 3621(b).

promote respect for the law, provide just punishment, afford adequate deterrence to criminal conduct, and avoid sentencing disparities with his co-defendant, who received a lower sentence after pleading guilty to his charges.  Henry does not provide any additional information that would persuade me to reconsider my determination, other than the brief mention that his record with the BOP is "clean as a whistle" and that he has participated in programming available to him.[15]  While I commend Henry for keeping a clean record and taking advantage of available prison programming,[16] those efforts do not justify a reduced sentence.  So, having carefully evaluated the applicable § 3553(a) factors anew in light of Henry's motion and as 18 U.S.C. § 3582(c)(1)(A) requires, I again find that the sentence that he received was and remains sufficient and not greater than necessary.  So I find that Henry is not entitled to compassionate release.[17]

## Conclusion

IT IS THEREFORE ORDERED that Defendant Donnell Henry's motion for compassionate release or reduction of sentence **[ECF No. 157] is DENIED.**

_____
U.S. District Judge Jennifer A. Dorsey
January 5, 2023

---

[15] *Id.*

[16] ECF No. 157 at 2.

[17] Henry also requests transcripts for his appeal, arguing that he has requested them previously but never received them.  Henry has been appointed counsel for his appeal, so I do not consider this pro se request.  Henry is advised that this is an issue that should be discussed with his attorney.