UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| United States of America, | Case No.: 2:20-cr-00148-JAD-BNW |
|---|---|
| Plaintiff | |
| v. | **Order Denying Motion to Reduce Sentence** |
| Donnell Henry, | [ECF No. 180] |
| Defendant | |

    Defendant Donnell Henry is serving a roughly eight-year sentence for distributing methamphetamine and illegally possessing a firearm. Last year I denied Henry's request for a sentence reduction because he failed to exhaust his administrative remedies or show an extraordinary and compelling reason for early release.[1] Henry now asks again that I reconsider his sentence, arguing that the court's COVID-19 procedures instituted during his trial and the mistreatment by his fellow inmates entitles him to a reduction.[2] The government responds that Henry is ineligible for a sentence reduction for the same reasons that doomed his previous motion: he failed to exhaust his administrative remedies and raise an extraordinary or compelling reason for early release.[3] I liberally construe Henry's motion as one for compassionate release under 18 U.S.C.§ 3582. But because he has not shown that such relief is warranted, I deny his motion.

---

[1] ECF No. 158.
[2] ECF No. 180.
[3] ECF No. 181.

**Discussion**

A sentencing court's ability to modify or reduce a sentence once it's imposed is seriously limited.[4] 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act of 2018,[5] is an exception to this limitation. It allows the sentencing judge to reduce a sentence based on "extraordinary and compelling reasons" after the defendant has asked the Bureau of Prisons (BOP) to bring such a motion on his behalf and exhausted all administrative rights to appeal the BOP's denial of that request.[6] The court must consider the factors in 18 U.S.C. § 3553(a) "to the extent that they are applicable," and any sentence reduction must be "consistent with applicable policy statements issued by the Sentencing Commission."[7]

But as I explained in my order denying Henry's last motion, to request compassionate release from the BOP, an inmate must first submit a request to the warden that complies with 28 C.F.R. § 571.61.[8] If the BOP fails to bring a motion on behalf of the inmate and 30 days have lapsed from the warden's receipt of his request, a court may entertain the inmate's request for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i).[9] Henry once again fails to show that he submitted a request to his warden for compassionate release before filing his motion for a reduced sentence. Because he failed to exhaust his administrative remedies before filing this motion, it must be denied for failure to exhaust.

---

[4] *See United States v. Penna*, 319 F.3d 509, 511 (9th Cir. 2003) (exploring Federal Rules of Criminal Procedure 35 and 36); 18 U.S.C. § 3582(c).
[5] The First Step Act of 2018, Pub. L. 115-391, 132 Stat. 5194, 5239 (Dec. 21, 2018).
[6] 18 U.S.C. § 3582(c)(1)(A)(i).
[7] *Id.*
[8] *Id.*
[9] *Id.*

Even if Henry had properly exhausted, however, I would deny his request because he fails to identify an extraordinary or compelling reason to reduce his sentence. The Sentencing Commission's new policy statement provides six extraordinary and compelling reasons that may warrant a sentence reduction: the defendant's medical circumstances, age, family circumstances, abuse by a BOP officer, unusually long sentence, or other grave circumstances.[10] Henry argues that the timing of his trial during the COVID-19 pandemic and assault by fellow inmates entitles him to a sentence reduction.

But neither of those circumstances falls within one of the Commission's six categories. Henry theorizes that the pandemic caused his "judicial procedure [to be] handled in a way that it has never been ran before," and the virtual pretrial hearings, masked witnesses at trial, and his lack of in-person support from family and friends justifies a sentence reduction. Although the pandemic required the judiciary to institute new procedures to reduce the spread of the COVID-19 virus, Henry doesn't show that the application of those procedures to his trial constitute an extraordinary or compelling reason to reconsider his sentence under § 3582. And as I stated in my previous order, if Henry argues that he is being assaulted by other inmates and struggling with his conditions of confinement, a sentence reduction is not the appropriate remedy—a civil-rights action is.[11] Because I do not find an extraordinary or compelling reason for release, I need not and do not consider the factors in 18 U.S.C. § 3553(a).

---

[10] U.S.S.G. § 1B1.13.

[11] ECF No. 158 at 3; *see also Helling v. McKinney*, 509 U.S. 25, 31 (1993) (noting that the "treatment a prisoner receives and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment").

**Conclusion**

IT IS THEREFORE ORDERED that Defendant Donnell Henry's motion for compassionate release or reduction of sentence **[ECF No. 180] is DENIED.**

_____
U.S. District Judge Jennifer A. Dorsey
August 2, 2024