UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| United States of America,<br><br>     Plaintiff<br><br>v.<br><br>Donnell Henry,<br><br>     Defendant | Case No.: 2:20-cr-00148-JAD-BNW<br><br>**Order Denying Motion to Vacate,<br>Set Aside, or Correct Sentence**<br><br>[ECF No. 185] |

    Defendant and petitioner Donnell Henry is serving a 98-month sentence for distribution of a controlled substance and being a felon in possession of a firearm.[1] Henry now seeks habeas relief under 28 U.S.C. § 2255, raising seven grounds for relief: (1) he was mentally incompetent at trial, (2) trial continuances prevented favorable witnesses from attending trial, (3) trial continuances violated his speedy trial rights, (4) COVID-19 restrictions hindered his defense, (5) certain instructions were not given to the jury, (6) his trial counsel was ineffective in not moving for acquittal, and (7) the prosecution omitted certain evidence at trial.[2] The government responds that Henry's claims are supported by neither the facts nor the law.[3] Because Henry's motion contains no legal argument for modification or vacatur of his sentence and the record conclusively establishes that he is not entitled to the relief he seeks, I deny his motion.

---

[1] ECF No. 135.
[2] ECF No. 185 at 5–10.
[3] ECF No. 188.

**Background**

In June 2020, the government indicted Donnell Henry on one count of being a felon in possession of a firearm and one count of distribution of a controlled substance.[4] A superseding indictment with the same charges was brought in June of the following year.[5] After a four-day trial, during which he testified in his own defense, Henry was found guilty by a jury on both counts.[6] He was sentenced seven months later, after I listened to arguments from counsel and heard Henry's allocution.[7] I granted Henry's request for a downward variance under 18 U.S.C. § 3553(a) and sentenced him to a 98-month concurrent sentence on both counts followed by four years of supervised release on count 1 to run concurrent with three years of supervised release for count 2.[8] Henry appealed, and the Ninth Circuit affirmed.[9]

On November 7, 2022, Henry filed a motion for a sentence reduction, but I denied that motion because Henry did not show that such relief was warranted.[10] On June 25, 2024, he moved for reconsideration, arguing that the timing of his trial during the COVID-19 pandemic and an assault by fellow inmates entitled him to a sentence reduction.[11] I found that although the pandemic required the judiciary to institute new procedures to reduce the spread of the

---

[4] ECF No. 1.
[5] ECF No. 46.
[6] ECF Nos. 105, 106, 107, 110.
[7] ECF No. 164.
[8] *Id.*
[9] ECF No. 183.
[10] ECF Nos. 157, 158.
[11] ECF No. 180.

COVID-19 virus, Henry didn't show that the application of those procedures to his trial constituted an extraordinary or compelling reason to reconsider his sentence.[12] And a sentence reduction is not the appropriate remedy for Henry's claims that he is being assaulted by other inmates and struggling with his conditions of confinement—a civil-rights action is.[13] So I denied that motion.[14]

Henry now moves to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255.[15] He asserts seven claims: (1) he was mentally incompetent at trial, (2) trial continuances prevented favorable witnesses from attending trial, (3) trial continuances violates his speedy trial rights, (4) COVID-19 restrictions hindered his defense, (5) certain jury instructions were not given, (6) trial counsel was ineffective for not moving for acquittal, and (7) the prosecution omitted certain evidence at trial.[16] The government responded, arguing that Henry's request is supported by neither the law nor the facts.[17] Henry replied, reiterating some of his arguments and attaching portions of the trial transcript and the government's response.[18]

## Discussion

A federal prisoner may attack the legality of his conviction under 28 U.S.C. § 2255 by showing that "the sentence was imposed in violation of the Constitution or the laws of the United States," "the court was without jurisdiction to impose such a sentence," the sentence was in

---

[12] ECF No. 182.
[13] *Id.*
[14] *Id.*
[15] ECF No. 185.
[16] *Id.* at 5–10.
[17] ECF No. 188.
[18] ECF No. 189.

"excess of the maximum authorized by law," or the sentence is "otherwise subject to collateral attack."[19] If the court so finds, it must "vacate and set the judgment aside and . . . discharge the prisoner, resentence him, grant a new trial, or correct the sentence as may appear appropriate."[20] A prisoner filing a claim for federal habeas relief under § 2255 is entitled to service upon the United States Attorney and an evidentiary hearing "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to relief."[21] No evidentiary hearing is warranted if the petitioner's "allegations, when viewed against the record, do not state a claim for relief or are so palpably incredible or patently frivolous as to warrant summary dismissal."[22]

### A. Henry's second, third, fourth, and six claims fail because they were disposed of on direct appeal.

It is well-established that "issues disposed of on a previous direct appeal are not reviewable in a subsequent § 2255 proceeding."[23] "The fact that the issue may be stated in different terms is of no significance."[24] The government argues that Henry is not entitled to relief for his second, third, fourth, and sixth claims because they were already disposed of on direct appeal.

---

[19] 28 U.S.C. § 2255(a).

[20] *Id.* at § 2255(b) (cleaned up).

[21] *Id.*; *see also United States v. Leonti*, 326 F.3d 1111, 1116 (9th Cir. 2003) ("We have characterized this standard as requiring an evidentiary hearing where 'the movant has made specific factual allegations that, if true, state a claim on which relief could be granted.'" (quoting *United States v. Schaflander*, 743 F.2d 714, 717 (9th Cir. 1984))).

[22] *Leonti*, 326 F.3d at 1116 (cleaned up).

[23] *United States v. Currie*, 589 F.2d 993, 995 (9th Cir. 1979).

[24] *Id.* (citing *Sanders v. United States*, 373 U.S. 1, 16 (1963)).

### 1. *Henry's claim that trial continuances prevented favorable witnesses from attending trial was already disposed of on direct appeal.*

Henry claims that a trial continuance granted over his objection "prevented out-of-town witnesses from returning to Nevada from California" due to COVID-19.[25] He alleges that the court "ordered the court reporter to mute [him] out of the video conference" so his "concerns were ultimately disregarded."[26] But this argument was raised before, and rejected by, the Ninth Circuit in Henry's direct appeal. The Ninth Circuit determined that, because Henry did not "demonstrate any prejudice resulting from the continuances" and "d[id] not identify what witnesses became unavailable," "the continuances therefore did not violate Henry's right to speedy trial."[27]

Henry asserts in his § 2255 motion that the witness prevented from testifying was a "friend who was present the day [he] met the informant" and "became unavailable to expose the corrupted informant."[28] But Henry provides no evidence to support this contention. He does not identify this witness, explain what testimony this witness could have given at trial, why the witness could not travel to Nevada for the August 2021 trial, or why the witness would have been available if the trial was scheduled earlier. So because this issue has already been disposed of on direct appeal, it fails.

---

[25] ECF No. 185 at 5.
[26] *Id.*
[27] ECF No. 183 at 8.
[28] ECF No. 185 at 5.

### 2. The Ninth Circuit already concluded that Henry's speedy trial rights were not violated.

The Ninth Circuit has also already addressed Henry's claim that his speedy trial rights were violated. Henry claims that "a[] speedy trial violation occur[r]ed" despite him "object[ing] to every continuance requested."[29] But as Henry acknowledges in his motion, he also raised this issue on direct appeal.[30] The Ninth Circuit "f[ound] no violation of Henry's speedy trial right" because it "previously held that COVID-related delays do not weigh against the government" and "the second continuance was granted at the request of Henry's counsel, not the government."[31]

Henry attempts to challenge the Ninth Circuit's ruling in his § 2255 motion by asserting that he tried to object to a continuance but the court "muted him from speaking."[32] But that claim is meritless. The court informed Henry that his attorney would speak on his behalf in court.[33] Henry never expressed any opposition to his attorney arguing on his behalf or indicated a desire to proceed pro se. And the court told Henry toward the end of the hearing that "[i]f there's further relief that is necessary it's going to need to be by a motion," but Henry did not file a motion to represent himself.[34] Henry simply reiterates his contention that he "objected to [a]

---

[29] *Id.* at 6.

[30] *Id.*

[31] ECF No. 183 at 7 (citing *United States v. Snellenberger*, 548 F.3d 699, 702 (9th Cir. 2008) (en banc) *abrogated on other grounds by Young v. Holder*, 697 F.3d 976, 986 (9th Cir. 2012) (en banc)).

[32] ECF No. 185 at 6.

[33] ECF No. 163 at 14.

[34] *Id.* at 13.

continuance on the record but it was not addressed as to why [he] objected by the court" in his reply brief.[35] But he provides no additional evidence to support his claim. Because this claim is supported by neither the facts nor the law and the Ninth Circuit has already addressed it, Henry is not entitled to relief on ground three.

> **3.  Part of Henry's claim that COVID-19 restrictions played a role in hindering his defense was already disposed of by the Ninth Circuit, and the rest is meritless.**

Henry cites "COVID-19 restrictions" as another ground for relief.[36] He argues that certain COVID-19 restrictions "played a role in hindering [his] defense," citing "[t]he video conference hearings (muted), the confidential informant wearing a mask, . . . [his] lack of family support in court, [and] [his] [lack of] communication with witnesses."[37] Henry claims that these issues were not raised during his direct appeal.[38] But his argument that "his right to 'face-to-face' confrontation" was violated because one of the witnesses (the confidential informant) wore a mask during his testimony and the court did not sua sponte order the confidential informant to remove the mask was addressed by the Ninth Circuit.[39] The Ninth Circuit found no plain error on the issue, reasoning that "Henry cites not a single case where a court has held that allowing a witness to wear a mask to prevent the spread of COVID-19 violated the Confrontation Clause."[40]

And Henry's other arguments—that the use of video-conference hearings, continuances, and lack of family support in court all hindered his defense—are procedurally defaulted, and he

---

[35] ECF No. 189 at 2.
[36] ECF No. 185 at 7.
[37] *Id.*
[38] *Id.* at 8.
[39] ECF No. 183 at 6.
[40] *Id.*

7

cannot make the necessary showing to pursue them. Although a federal prisoner may attack the legality of his conviction or sentence under 28 U.S.C. § 2255,[41] a defendant who fails to raise a claim on direct review is deemed to have procedurally defaulted it and may only raise it in habeas if he can demonstrate cause and actual prejudice or that he is actually innocent.[42] The Supreme Court has held that cause exists when the constitutional claim "is so novel that its legal basis is not reasonably available to counsel."[43] Actual prejudice "requires the petitioner to establish 'not merely that the errors at . . . trial created a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions.'"[44]

Henry did not raise his other COVID-related claims on direct appeal.[45] And he does not even argue that a legal basis for these challenges was not reasonably available at the time. Henry noted that he was "[a]dvised not to" raise these grounds in a previous motion.[46] But none of these grounds had a likelihood of success, so appellate counsel needn't have raised them in direct-review proceedings. Henry has not explained how video-conference hearings or hearing continuances impacted his case, nor has he shown that they prejudicially impacted the outcome of his case. His allegation that he was prejudiced by "[his] lack of family support in court" at his sentencing hearing also fails.[47] At his sentencing hearing, I specifically noted that I considered

---

[41] 28 U.S.C. § 2255(a).

[42] *Bousley v. United States*, 523 U.S. 614, 622 (1998) (citations omitted).

[43] *Id.*

[44] *Bradford v. Davis*, 923 F.3d 599, 613 (9th Cir. 2019) (quoting *Murray v. Carrier*, 477 U.S. 478, 494 (1986)) (alteration in original).

[45] *See generally* ECF No. 183.

[46] ECF No. 185 at 8.

[47] *Id.*

that "he has family support" when determining his sentence.[48]  In his reply brief, Henry contends that "[i]n a COVID environment witnesses and family support attending trial from out of town were difficult to reach out to."[49]  But he does not explain how the difficulty in reaching family impacted his case in any way.  So because his claims are "vague and conclusory"[50] allegations, and Henry has not shown that they have merit, I deny them.

### 4. *Henry's claim that his trial counsel was ineffective for not moving for acquittal also fails because he raised his claim in his direct appeal.*

Henry also raises a claim for ineffective assistance of counsel, arguing that his trial attorney was ineffective in not moving for acquittal.[51]  But the Ninth Circuit has already found that "[s]ufficient evidence supported the jury's verdict as to Count I" and "[s]ufficient evidence also supported Henry's conviction on Count II."[52]  So because "[t]he failure to raise a meritless legal argument does not constitute ineffective assistance of counsel,"[53] I also deny this claim.

## B. Henry's remaining claims fail on their merits and are procedurally defaulted.

### 1. *Henry's claim that he was mentally incompetent during trial fails on its merits and is procedurally defaulted.*

Henry asserts that his "[c]onviction was obtained as a result of a trial while [he] was mentally incompetent."[54]  He argues that he "admitted to [his] incompetent ability to articulate

---

[48] ECF No. 164.
[49] ECF No. 189 at 2.
[50] *Shah v. United States*, 878 F.2d 1156, 1161 (9th Cir. 1989).
[51] ECF No. 185 at 9.
[52] ECF No. 183 at 3.
[53] *Baumann v. United States*, 692 F.2d 565, 572 (9th Cir. 1982).
[54] ECF No. 185 at 5.

effectively" at the beginning of his testimony during his trial.[55]  Henry fails, however, to establish that he was incompetent at any point during his trial.  Henry admitted during his testimony that he is "not great at" talking and that he was "nervous."[56]  But that does not demonstrate incompetence to stand trial.  And before he testified, the court found him competent to decide whether to testify in his own defense.[57]  Henry acknowledged during a colloquy with the court that he could read, write, and understand the English language, and neither his defense counsel nor the government expressed any doubts on whether Henry was competent to testify.[58]  Because Henry has offered no evidence indicating that he was incompetent at any point during the proceedings, I deny this claim as meritless.

> ### 2. *Henry's claim that he was denied applicable jury instructions is procedurally defaulted and fails as an IAC claim.*

Henry next claims that he was "[d]enied applicable jury instructions" because "entrapment by estoppel jury instructions required by [him] w[ere] not presented to the jury."[59]  Henry's trial counsel did initially propose entrapment and entrapment-by-estoppel jury instructions.[60]  But his counsel later withdrew those instructions during a jury-instruction conference with the court.[61]  According to Henry, his appellate counsel "would not argue this on appeal."[62]  This claim, therefore, is procedurally defaulted.  And because Henry has not put

---

[55] *Id.*
[56] ECF No. 169 at 27.
[57] ECF No. 168 at 259.
[58] *Id.*
[59] ECF No. 185 at 9.
[60] ECF No. 109 at 7.
[61] ECF No. 168 at 269.
[62] ECF No. 185 at 9.

forward any facts demonstrating cause and actual prejudice, or actual innocence, this substantive claim fails.

Henry doesn't couch this claim as one for ineffective assistance of counsel. But even generously assuming that Henry takes issue with trial counsel's decision to withdraw the entrapment instructions, it would fail because Henry has not demonstrated that his counsel made errors so serious that he "was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment."[63] The right to counsel embodied in the Sixth Amendment provides "the right to the effective assistance of counsel."[64] In the hallmark case of *Strickland v. Washington*, the United States Supreme Court held that an ineffective-assistance claim requires a petitioner to show that (1) his counsel's representation fell below an objective standard of reasonableness under prevailing professional norms in light of all of the circumstances of the particular case[65] and (2) it is reasonably probable that, but for counsel's errors, the result of the proceeding would have been different.[66] Both prongs of the *Strickland* inquiry must be satisfied to establish constitutionally ineffective assistance of counsel; a failure to satisfy either requires that the petitioner's claim be denied.[67] Federal courts need not address the prejudice prong of the *Strickland* test "if the petitioner cannot even establish incompetence under the first prong."[68]

---

[63] *Harrington v. Richter*, 562 U.S. 86, 104 (2011).

[64] *Strickland v. Washington*, 466 U.S. 668, 686 (1984) (quoting *McMann v. Richardson*, 397 U.S. 759, 771 n.14 (1970)).

[65] *Id.* at 690.

[66] *Id.* at 694.

[67] *Id.* at 697.

[68] *Siripongs v. Calderon*, 133 F.3d 732, 737 (9th Cir. 1998).

Conversely, courts "need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies."[69]

"[T]he standard for judging counsel's representation is a most deferential one" because "the attorney observed the relevant proceedings, knew of materials outside the record, and interacted with the client, with opposing counsel, and with the judge."[70] Henry's trial counsel made clear that his choice to not argue for entrapment and entrapment-by-estoppel jury instructions was a strategic one. He told the court: "I don't know that we're necessarily going to ask for an entrapment instruction at the conclusion of evidence. It kind of depends on cross-examination of the [g]overnment's witnesses. And I'll alert the [g]overnment as to what our intent is before we get—we cross that bridge into the pre-disposition."[71] I therefore do not find that Henry's trial counsel's representation fell below an objective standard of reasonableness. And Henry does not explain why the result of the proceedings would have been different to satisfy the second *Strickland* prong if these additional jury instructions were given. It therefore fails also as an ineffective-assistance-of-counsel claim.

### 3. *Henry's claim that the government unlawfully failed to turn over evidence fails because it is procedurally defaulted and meritless.*

Lastly, Henry claims that his "[c]onviction [was] obtained by the unlawful failure of [the] prosecution to disclose evidence favorable to the defendant."[72] Henry argues that "[i]nitial meetings and messages with the confidential informant, where [his] purpose is free from

---

[69] *Strickland*, 466 U.S. at 697.
[70] *Id.* at 105.
[71] ECF No. 165 at 8–9.
[72] ECF No. 185 at 9–10.

obscurity, ha[d] been omitted or undocumented."[73] At trial, Henry testified that an exhibit was incomplete because some of his phone calls and text messages with the confidential informant were missing.[74] But no evidence suggesting that anything was missing or withheld was presented at trial, and Henry has not come forward with anything since suggesting that it was. So because Henry cannot show this claim has merit, it must fail. And regardless, this claim is procedurally defaulted because Henry did not raise it on direct appeal. He has not presented any evidence suggesting that he can demonstrate cause and actual prejudice or that he is actually innocent.

### C.     The court will not issue a certificate of appealability.

The right to appeal from the district court's denial of a federal habeas petition requires a certificate of appealability.[75] When "the district court has rejected the constitutional claim on the merits," that showing "is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."[76] Because Henry has not shown that my assessment of his ineffective-assistance claims is debatable or wrong, I deny him a certificate of appealability on all claims.

### Conclusion

IT IS THEREFORE ORDERED that Donnell Henry's **motion to correct, vacate, or set aside his sentence** under 28 U.S.C. § 2255 [ECF No. 185] **is DENIED**, and Henry is DENIED a certificate of appealability.

---

[73] *Id.* at 10.

[74] ECF No. 169 at 37–38.

[75] 28 U.S.C. § 2253(c).

[76] *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also James v. Giles*, 221 F.3d 1074, 1077–79 (9th Cir. 2000).

The Clerk of Court is directed to **enter a separate civil judgment** denying Henry's § 2255 petition and denying a certificate of appealability. The Clerk must also file this order and the civil judgment in this case and the related civil case: 2:25-cv-00253-JAD.

_____
U.S. District Judge Jennifer A. Dorsey
July 9, 2025